**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>RUSSELL WAYNE MAESTRO,<br><br>Defendant(s). | 2:09-CR-177 JCM (LRL) |

**ORDER**

Presently before the court is defendant Russell Wayne Maestro's 28 U.S.C. § 2255 motion to vacate. (Doc. # 59). The government filed an opposition. (Doc. # 62). Though the deadline has passed, defendant has not filed a reply.

Motions to vacate a sentence pursuant to section 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). The one-year period runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

A district court may, however, equitably toll the one-year statutory limit where a petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 632 (2010) (internal quotations and citation omitted). The defendant bears a heavy burden in showing that equitable tolling should apply. *Miranda v Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The Ninth Circuit has explained that courts should apply the equitable tolling doctrine narrowly, "lest the

**James C. Mahan**
**U.S. District Judge**

1  exceptions swallow the rule." *Id*. at 1066.

2  For example, the Ninth Circuit has explained that "[t]he Supreme Court and the policies
3  behind AEDPA require that equitable tolling be used only to protect diligent petitioners facing
4  extraordinary circumstances that prevent them from timely filing federal habeas petitions"
5  and "[t]he exception for equitable tolling cannot be interpreted so broadly as to displace the
6  statutory limitations that Congress crafted." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008,
7  1014 (9th Cir. 2009) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

8  The court finds that Mr. Maestro has failed to carry his burden.

9  Mr. Maestro was sentenced on July 25, 2011. (Doc. # 56). The judgment of conviction was
10  entered on July 29, 2011. (Doc. # 58). Mr. Maestro failed to appeal this court's sentence within the
11  applicable 14-day period created by Fed. R. App. P. 4(b)(1)(A). Accordingly, this court's judgment
12  became final on August 12, 2011 and Mr. Maestro's one-year period to file his § 2255 motion began
13  on that day. *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (explaining that the
14  statute of limitations to file a § 2255 motion begins to run upon the expiration of the time during
15  which a petitioner could have sought review by direct appeal).

16  The instant motion was therefore filed 826 days after Mr. Maestro's conviction became final,
17  and 461 days after the statutory period elapsed. Mr. Maestro requests that this court equitably toll
18  the limitations period in light of an incident that took place in November 2011 in which he broke his
19  arm. However, Mr. Maestro fails to explain how his broken arm caused a 461-day delay in his filing
20  of the instant motion.

21  Without ruling out the possibility that bodily injury could justify tolling the statute of
22  limitations for a section 2255 motion, the court finds Mr. Maestro's conclusion that he would have
23  filed the instant motion 461 days earlier if he had not suffered a broken arm implausible. Thus, the
24  motion will be denied. *See United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir.
25  2010)(noting that a court cannot toll the one-year limitation period absent a showing of diligence and
26  extraordinary circumstances, and observing that "the threshold necessary to trigger equitable tolling
27  is very high")(internal quotations and citation omitted).

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Russell Wayne Maestro's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. # 59) be, and the same hereby is, DENIED as untimely.

DATED May 2, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -